## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **Criminal No.  07-352** |
| | : | |
| **ISABEL CESAR** | : | |
| **a/k/a CESAR ISABEL,** | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MOTION IN OPPOSITION
### TO DEFENDANT ISABEL CESAR'S MOTION TO DISMISS INDICTMENT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this motion in opposition to the defendant's Motion to Dismiss Indictment.  In support of its motion, the Government submits the following:

### PROCEDURAL  BACKGROUND

On November 20, 2007, defendant Isabel Cesar, along with his co-defendants, Francisco Marte and Manuel Caprio a/k/a Ismael Rodriguez, were arrested and charged with Possession with Intent to Distribute Cocaine (powder).  On November 21, 2007, defendant Cesar, and his co-defendants were formally presented, by criminal complaint, charging the defendants with unlawfully possession with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21 U.S.C. § 841(a)(1). On November 27, 2007, the Court held a consolidated preliminary and detention hearing, and as a result of the evidence heard at that hearing, the defendants were held without bond pending indictment, and subsequent trial.  On December 20, 2007, the defendants, were charged by indictment with Unlawful Possession With Intent to Distrubute 500 Grams or More of Cocaine, and Aiding and Abetting, in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii), and Title 18 U.S.C. § 2, respectively.

The defendant now moves to dismiss the indictment for failure to comply with the Speedy Trial Act. The defendant's motion should be denied.

## DISCUSSION

In defendant Cesar's motion, he argues that because the Government did not obtain the indictment within thirty days of the defendant's arrest, the indictment should be dismissed. This argument is without merit.

The D.C. Circuit has held that the trial court has broad discretion to correct its record to serve justice. See Boone v. Sec'y, Dep't of Corr., 377 F.3d 1315, 1316 (11th Cir. 2004). Here, the parties cannot dispute that the clerk's error in untimely docketing the timely filed returned indictment was both clerical and inadvertent in nature.[1] Because the error in this case is clerical, this Court has discretion to correct the error to prevent a miscarriage of justice. Therefore, defendant Cesar's motion to dismiss should be denied.

Furthermore, and even though there was a delay in docketing the indictment in violation of the Speedy Trial Act, there is no evidence of prosecutorial bad faith nor any attempt to take tactical advantage of the delay by the Government. The delay was simply a matter of days. In addition, even if a clerical error prevented the returned indictment from being docketed in a timely manner, defendant Cesar has suffered no prejudice whatsoever because on November 21, 2007, he along with his co-defendants were fully apprised that they were being charged with offenses based on the same criminal conduct as charged in the returned indictment. United States v. Robinson, 389 F.3d 582, 589 (6th Cir. 2004) (not abuse of discretion to dismiss indictment without prejudice because defendant failed to show prejudice caused by inadvertent delay).

---

[1]The indictment in this case was returned on December 20, 2007, within the statutory time frame pursuant to 18 U.S.C. § 3161(b), however, the United States District Court for the District of Columbia Clerk's Office failed to docket the returned indictment until December 26, 2007.

In short, the defendant's citation of Speedy Trial Act fails to support his implied argument that the Government has failed – technical or otherwise – with regard to the Speedy Trial Act in this case.

## <u>CONCLUSION</u>

Based on the foregoing, the defendant's Motion to Dismiss is of merit and should be denied.

Respectfully submitted,

JEFFREY A. TAYLOR

UNITED STATES ATTORNEY

 /s/
RHONDA L. CAMPBELL
Assistant United States Attorney
Bar No. 462402
555 4th Street, N.W., Rm. 4239
Washington, DC 20530
(202) 514-9519
rhonda.campbell@usdoj.gov