UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | CRIM. No. 07-352-03(JDB) |
| : | |
| : | |
| **CESAR ISABEL,** : | |
| **Defendant** : | |

### DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS INDICTMENT

The defendant, through undersigned counsel, hereby replies to the Government's Opposition as follows:

1. The crux of the Government's Opposition is founded upon an unestablished factual conclusion: that although the clerk failed to timely enter the indictment in a timely fashion, the indictment was returned within 30 days as required be the Speedy Trial Act, 18 U.S.C. Sect. 3161 (b).   Hence the Government concludes that therefore the error was clerical in nature. The record here is inapposite—on December 26, 2007, Magistrate Judge Facciola, in response to the defendant's Motion to Dismiss, ordered the Government to show cause why the motion should not be granted, since as of that time no indictment had been returned. It was only later that day, after entry of the indictment later that day, that the Magistrate Judge withdrew his order, stating that he no longer had jurisdiction since the indictment had now been returned.  If the indictment had actually been returned on December 20, as the Government asserts, presumably it would have been returned to the Magistrate Judge and he would have had a record of its return. In such case, Magistrate Judge Facciola would never have ordered the Government to show

cause why the motion to dismiss should not be granted as he originally ordered.

    2. The Government cannot assume that its own actions comply with speedy trial deadlines absent the necessary action by the court. <u>United States v. James</u>, 861 F. Supp. 151, 154-57 (D.D.C. 1994, Richey J.) (Indictment for distribution of crack cocaine dismissed with prejudice after court holds Government's filing of a dismissal notice that was never acknowledged or granted by the court insufficient to overcome 30-day indictment deadline.); <u>United States v. Ford</u>, 532 F. Supp. 352 (D.D.C. Richey, J. 1981) (Indictment dismissed--Government's filing of motion to dismiss complaint, absent entry of an order granting that motion, insufficient to negate the 30 day indictment deadline under Speedy Trial Act.); <u>See</u> <u>United States v. McNeil</u>, 911 F. 2d 768 (D.C. Cir. 1990) (Convictions reversed in heroin distribution conspiracy case based upon speedy trial violation--trial court abused its discretion in ruling that witness was essential for purposes of 18 U.S.C. 3161 (h) (3) time exclusion after accepting assertions of the Government.)

    3. The Supreme Court and the District of Columbia Circuit in recent holdings have emphasized that the time limits and exceptions delineated in the Speedy Trial Act must be scrupulously followed, and failure to do so will result in dismissal. <u>Zedner v. United States</u>, 547 U.S. 489, 126 S. Ct. 1976 (2006); <u>United States v. Sanders</u>, 485 F. 3d 654 (D.C. Cir. 2007). Here the Government never even moved for additional time beyond the 30 days based upon the "ends of justice" balancing test delineated at 18 U.S.C. 18 3161 (h) (8) as it could have. Given the straightforward nature of the evidence herein—a single undercover transaction resulting in the seizure of a quantity of cocaine powder—it is highly unlikely that such a basis could have been established at any rate. Certainly there were no findings made by the court either orally or in writing that the ends of justice would be served by granting the Government any additional period of time

to return its indictment, and hence the additional time beyond the 30 days cannot be excluded from the time limit, 18 U.S.C. 3161 (h)(8) (A), See Zedner at 126 S. Ct. 1983-84, and the indictment must be dismissed. [1]

**WHEREFORE**, the defendant moves that his motion be granted, that the indictment against him be dismissed with prejudice, and that he be immediately released from custody.

Respectfully submitted,

_____
Mitchell M. Seltzer
Bar #261933
Counsel for Cesar Isabel
717 D Street, N.W. #310
Washington, D.C. 20004
(202) 347-2333

---

[1] The Government' reliance on United States v. Robinson, 389 F. 3d 582 (6th Cir 2004) is misplaced as that case actually upheld the dismissal of the indictment, while recognizing the trial court's discretion to do so with or without prejudice. That of course is a separate issue from whether the indictment must be dismissed at all. 18 U.S.C. 3162 (a); See Sanders, supra, 485 F.3d at 660 (trial court reversed and indictment dismissed; case remanded for district court to determine whether to dismiss indictments with or without prejudice.)  Here the defendant asserts that the dismissal should be with prejudice, as he has suffered serious harm by being detained constantly since his arrest in this case, and for an additional six weeks past the indictment deadline of December 22, 2007 to the detriment of the preparation of his defense.  Also, while all narcotics cases are serious, this case does not involve a long-term investigation of a large criminal organization, nor are there any firearms or violence involved. Most significantly, the Government made no effort to even request an extension that would have allowed the court to exercise its discretion on to decide whether or not the granting of additional time was appropriate.  See James, supra at 156-57.

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Reply has been served electronically upon the United States Attorney's Office, and upon codefendant counsel of record, this ___5th___ day of February 2008.

                                                   _/s/_____