UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | CRIM. No. 07-352-03(JDB) |
| | : | |
| | : | |
| CESAR ISABEL, | : | |
| Defendant | : | |

**DEFENDANT'S MOTION TO REVOKE ORDER OF DETENTION AND TO SET
CONDITIONS OF RELEASE**

The defendant, Cesar Isabel, through undersigned counsel, hereby requests that the Court revoke the order of detention and release him on appropriate conditions. In support of this motion, the defendant states as follows:

1. The defendant was arrested on November 20, 2007; on November 21, 2007 he was presented on a criminal complaint that charged him with a violation of 21 U. S.C. Sect. 841(a)(1), Unlawful Possession with the Intent to Distribute Cocaine. On November 27, 2007, after a combined preliminary and detention hearing, the government's motion for pretrial detention was granted; Magistrate Judge Facciola thereafter issued a Detention Memorandum in which he explained that he had detained the defendant on community safety grounds. A single-count indictment alleging a violation of 21 U. S. C. 21 841 (a) (1) and (b)(1) (B)(iii) was entered on December 27, 2007. [1]

2. Mr. Isabel has been a permanent resident of the United States since 1990 and he has lived in the metropolitan area of the District of Columbia for more than eight

---

[1] The defendant's motion to dismiss the indictment based upon a violation of the speedy trial act is pending.

years. He resides with his fiancée and their young child at 7333 New Hampshire Avenue in Silver Spring, Maryland.[2] For the past five years he has been gainfully employed as a carpenter and work-team leader for Renaissance Home Improvement. As his employer asserts in a January 30, 2008 letter to the court, Mr. Isabel is an excellent employee who "fulfills the job requirements admirably." As such, based upon his performance with the company, its business manager asserts that he "…is ready to rehire him upon his release." See Attachment, January 30, 2008 Employment Letter from Renaissance Home Improvement.

      3. The defendant has no prior criminal convictions. He has a pending auto theft case in Fairfax, Virginia that to counsel's knowledge has not been indicted. The defendant posted bond and was released in that case.

**DISCUSSION**

      4. It is the Court's independent application of the factors listed in 18 U.S.C. §3142(g) that determines whether pretrial detention is appropriate. See United States v. Bess, 678 F. Supp. 929, 933 (D.C. 1988); United States v. Dominguez, 783 F.2d 702, 706-708 (7th Cir. 1986). Any finding of dangerousness, of course, must be supported by clear and convincing evidence. 18 U.S.C. §3142(f); United States v. Alatishe, 768 F.2d 364, 370 (D.C. Cir. 1985). The defendant submits that while he has been indicted for a narcotics offense, the evidence against him is hardly clear or convincing. While the Government asserts that he participated in several telephone conversations with an unidentified informant in order to locate a source for a narcotics sale, there is no wiretap, telephone recording or other tangible evidence to prove that such conversations ever took place. Nor to counsel's knowledge were the calls even monitored by law enforcement. In addition, the government's evidence reveals that Mr. Isabel did not participate in the negotiations that allegedly took place during the alleged transfer of cocaine to an

---

[2] Counsel has verified this information during multiple conversations with the defendant's fiancée and employer, both of whom were present in court at the November 27, 2007 hearing.

undercover officer, nor did he obtain or transfer the cocaine or receive any funds. Of equal significance, the indictment alleges only a single transaction, not an ongoing course of conduct or conspiracy.

     5. On these facts, the defense asserts that the *rebuttable* presumption of dangerousness that arises upon a finding of probable cause for a 10-year or greater narcotics offense has indeed been rebutted. As stated, Mr. Isabel has no prior criminal convictions at all. He has a legitimate source of income as a skilled carpenter and long-standing employee for a single company that wishes to rehire him upon his release. He is also the breadwinner for a stable family. The isolated nature of the alleged drug activity in this case combined with the defendant's background as a law-abiding and employed member of the community sufficiently minimize the risk that he would engage in any future narcotics activity, thereby rebutting the presumption.

     6. An additional factor favoring release, as noted by the government at arraignment, is that Mr. Isabel is likely to qualify for safety valve treatment, and therefore does not face the otherwise applicable five-year statutory minimum sentence. He therefore has every incentive to follow the court's conditions if released, with recognition that the court is likely to have full discretion in fashioning an appropriate sentence if Mr. Isabel were convicted of the charge against him. The Court may of course also impose conditions that will assure that Mr. Isabel is unlikely to engage in crimnal activity if released.

## **CONCLUSION**

For all the reasons discussed above, the defendant requests that the Detention Order executed by Magistrate Judge Facciola be revoked, and that the defendant be released upon the conditions that he:

    (1)    Reside at 7333 New Hampshire Avenue, Silver Spring, MD;

    (2)    Maintain contact with Pretrial Services by telephone twice weekly;

    (3)    Maintain gainful employment;

  (4)  Stay away from the area of the 5500 block of Third Street N.W.

               Respectfully submitted,

               _____
               Mitchell M. Seltzer
               D.C. Bar #261933
               717 D Street, N.W. #310
               Washington, D.C. 20004
               (202) 347-2333

               Counsel for Cesar Isabel

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing MOTION TO REVOKE DETENTION ORDER AND TO SET CONDITIONS OF RELEASE was served by electronic transmission upon A.U.S.A. Rhonda Campbell, United States Attorney's Office, 555 Fourth Street, N.W., Washington, D.C. 20530, this ____10th____ day of February 2008.

               _____

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | CRIM. No. 07-352-03(JDB) |
| | : | |
| | : | |
| **CESAR ISABEL,** | : | |
| **Defendant** | : | |

### ORDER

Upon consideration of the defendant's Motion To Revoke Detention Order and the entire record in this case, it is hereby

**ORDERED** that the Detention Order is **REVOKED; and it is further**

**ORDERED** that the defendant be released upon the conditions stated in the accompanying Pretrial Services Release Order.

_____
**JOHN D. BATES, Judge**
United States District Court for the District
of Columbia

*Renaissance Home Improvements*
*6917 Farragut Avenue*
*Falls Church, VA  22042*
*(703) 675-6984 Office*
*(866) 892-4210 Fax*

January 30, 2008

To Whom It May Concern:

Cesar Isabel has worked directly under my supervision for five years as a carpenter. He has shown great responsibility and initiative. Follows tasks through to completion and fulfills the job requirements admirably. His ability to interact with customers and resolve their complaints in a pleasant manner has given us a significant advantage. His absence has been very well noticed in our company as well as with my customers. Based on Mr. Isabel's performance with Renaissance, I am ready to rehire him upon his release. I am pleased to have this opportunity to write this letter to help him in any way it may.

Sincerely,

Antonio J. Sanchez
Business Manager