UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| v. | : Crim. No. 07-352-03(JDB) |
| | : |
| **ISABEL CESAR**, | : |
| also known as **CESAR ISABEL,** | : |
| Defendant. | : |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REVOKE ORDER OF DETENTION AND TO SET CONDITIONS OF RELEASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully opposes the defendant's motion to revoke order of detention and to set conditions of release, and requests that the court deny the defendant's motion.

1. Now, Mr. Isabel seeks reconsideration of Magistrate Judge Alan Kay's order to preventatively detain him pending trial, claiming that he is not a danger to the community. *See* Defendant's Motion, p. 2-3.

2. On November 27, 2007, the defendant was presented to the court for a consolidated preliminary and detention hearing before Magistrate Judge Alan Kay. Metropolitan Police Department (MPD) Detective King Watts testified, and the court found that probable cause existed for Possession With Intent to Distribute Cocaine. After hearing the facts of the case and factual proffers by counsel, the court determined that the defendant was a danger to the community. Specifically, the court stated that "[t]he large amount of cocaine involved, combined with the high value for which these narcotics could be sold on the streets of the District of Columbia, indicates that the Defendant [Isabel] poses a high level of dangerousness to the community" *See* Detention Memorandum, p. 4-5.

3.      Moreover, as the court noted, at the time of this offense, the defendant was on release pending a preliminary hearing on grand larceny charges in Fairfax County, which indicates that the defendant cannot abide by conditions of release set by a court. *See* Detention Memorandum, p. 4.

4.      The defendant asserts no new facts or circumstances to support his claim that he is not a danger to the community. At the time that the court detained the defendant without bond, it knew all the circumstances that the defendant reiterates in his motion.

5.      First, the defendant reiterates that he is living with his fiancee, which is not new information. Indeed, the Pre-trial Services Agency ("PSA") report states that the defendant resided with his friend at the same address in the defendant's motion. In fact, PSA verified this information. Furthermore, the government argues that having a stable family does not create a social environment for the defendant that encourages him to refrain from engaging in criminal activity. The support of his family, specifically his fiancee, did not prevent the defendant from engaging in conduct on the streets of the District of Columbia that violated the Controlled Substance Act. Thus, the court was aware that the defendant was residing with his fiancee, and still, the court held the defendant without bond.

6.      Second, the defendant claims that he had been an "excellent employee" for Renaissance Home Improvement, and would be rehired as soon as he was released. Again, this information was provided to the court on November 27, 2007, and it did not convince the court that the defendant was a good candidate for release into the community.

WHEREFORE, the United States understands that this court has the discretion to amend the magistrate court's detention order. The United States respectfully moves this Court to deny the defendant's motion to reconsider his bond status because: (1) he failed to assert any new circumstances that would warrant reconsideration, and sufficiently address the issue of

dangerousness to the community; and (2) all the facts in the record indicate that the defendant is a danger to the community as demonstrated by his on actions.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

/s /

_____
RHONDA L. CAMPBELL
ASSISTANT UNITED STATES ATTORNEY
555 4th Street, N.W., Room 4239
Washington, DC 20530
(202) 514-9519
rhonda.campbell@usdoj.gov