UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : CRIM. No. 07-352-03(JDB) |
| | : |
| | : |
| CESAR ISABEL, | : |
|         Defendant | : |

**DEFENDANT'S REPLY TO GOVERNMENT'S OMNIBUS OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS INDICTMENT**

    The defendant, through undersigned counsel, hereby replies to the Government's Omnibus Opposition to Defendants' Motion to Dismiss Indictment as follows:

    1. The court previously ordered the Government to file an affidavit in support of its position that the indictment in this case was timely filed. The Government filed an Omnibus Opposition in lieu of an affidavit on February 14, 2008.

    2. As detailed in the Defendant's Reply to the Government's Opposition to Defendant's Motion To Dismiss Indictment, the provisions of the Speedy Trial Act must be scrupulously obeyed. See Zedner v. United States, 547 U.S. 489, 126 S. Ct. 1976 (2006); United States v. Sanders, 485 F.3d 654 (D.C. Cir. 2007). Here the Government, in its *Omnibus Opposition* and otherwise, has failed to establish that the indictment was *filed* within 30 days of arrest consistent with the language of 18 U.S.C. 3161(b). This section of the Act makes no reference to the vote of the grand jurors nor to the return of the indictment, and the term *filed*, like all the terminology employed in the Act, must be strictly construed. Id.

    3. While Fed. R. Crim. P. 6 (f) refers to the *return* of the indictment to a

magistrate judge, this language is distinguishable from the term *filing* chosen by the Congress in drafting Sect. 3161 (b) of the Speedy Trial Act. As the Government notes, *filing* is defined in The American Heritage College Dictionary as "entering a legal document on the public official record." See Omnibus Opposition at 8. Here the document was not entered on the public official record until December 26, 2007, or six days beyond the 30-day deadline. (While the Act does provide a remedy for the Government in those cases where it can establish a legitimate need for additional time that meets the "ends of justice." 18 U.S.C. Sect. 3161 (h)(8), here the Government sought no such relief.)

    **WHEREFORE**, the defendant asserts that the Government has failed to establish that the indictment was timely filed, and maintains his position that the indictment should be dismissed.

                        Respectfully submitted,

                        _____
                        Mitchell M. Seltzer
                        Bar #261933
                        Counsel for Cesar Isabel
                        717 D Street, N.W. #310
                        Washington, D.C. 20004
                        (202) 347-2333

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Reply has been served electronically upon the United States Attorney's Office, and upon codefendant counsel of record, this ___21st___ day of February 2008.

                        _____