UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>FRANCISCO ALBERT MARTE,<br>MANUEL DEJESUS CARPIO,<br>also known as Santos Rodriguez Ismael,<br>and CESAR ISABEL,<br><br>Defendants. | Criminal No. 07-352 (JDB) |

### MEMORANDUM AND ORDER

Defendant Cesar Isabel has moved to dismiss the indictment pending against him and his co-defendants Francisco Marte and Manuel Carpio (a/k/a Ismael Rodriguez). Defendants Marte and Carpio have joined the motion. All three defendants were arrested on November 20, 2007 and charged with possession with intent to distribute cocaine. A criminal complaint was filed against them on November 21, and a consolidated preliminary and detention hearing was held on November 27, as a result of which all defendants were held without bond. Defendants were subsequently charged by indictment with unlawful possession with intent to distribute 500 grams or more of cocaine. See 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii). The dispute behind defendants' motion relates to when that indictment was filed.

Defendant Isabel asserts that the indictment "was not entered until December 27, 2007." Def.'s Motion at 1. That, he argues, was more than 30 days after his arrest on November 20, 2007, and hence in violation of the Speedy Trial Act, 18 U.S.C. § 3161(b). On that basis, the argument goes, the indictment must be dismissed.

The government initially countered that, although the indictment was not docketed by the

clerk's office until December 27, 2007, it was returned on December 20, 2007. Hence, the government asserted that there was no Speedy Trial Act violation because the indictment was in fact returned within the 30-day statutory period. The government contended that the docketing error was both inadvertent and clerical and did not prejudice the defendant. The government therefore requested that the Court simply correct the error on the docket and deny defendant Isabel's motion to dismiss.

The indictment in the court file is stamped with the date of December 20, 2007. Defendant Isabel's motion relies on the docket entry by the Clerk, which reflects entry of the indictment on the docket on December 27, 2007, which is outside the 30-day period. Notwithstanding the government's assurance that the indictment had been timely returned and the docket simply reflected a harmless clerical error, the Court concluded that the record was unclear and therefore required the government to produce an accurate factual record concerning the return and filing of the indictment for Speedy Trial Act compliance.

On February 14, 2008, the government filed its "Omnibus Opposition" to the motion to dismiss the indictment ("Omnibus Opp."). In that submission, the government set forth the following factual history, with which defendants have not taken issue. After voting to indict the defendants, on the afternoon of December 20, 2007, the grand jury (through its foreperson) came before Magistrate Judge Facciola and submitted the indictment documents (an indictment, poll sheet and indictment list) to the court in open court. Magistrate Judge Facciola accepted, reviewed and approved the indictment documents, which then were given to the courtroom deputy and subsequently to the magistrate intake clerk, who affixed a "filed in open court" stamp on them on December 20, 2007. This event, however, was not entered on the electronic docket until December 27, 2007.

The Speedy Trial Act requires that an indictment "shall be filed within 30 days" of the date of arrest. 18 U.S.C. § 3161(b). In setting the process for the operation of the grand jury and the "indictment and return," Fed. R. Crim. P. 6(f) requires that "[t]he grand jury -- or its foreperson or deputy foreperson -- must return the indictment to a magistrate judge in open court." The government argues that the terms "filed" and "return[ed]," as used in § 3161(b) and Rule 6(f) respectively, are synonymous and interchangeable. For purposes of assessing the timeliness of an indictment under the Speedy Trial Act, the Court agrees.

There is no genuine dispute here as to the relevant facts. In full compliance with Rule 6(f), and consistent with normal practice in this district, the indictment was returned on December 20, 2007, to Magistrate Judge Facciola in open court. That was within the 30-day period set by § 3161(b). The only question, then, is whether the term "filed" as used in that section required something more. Certainly there is no requirement that the indictment be "entered" on the docket within 30 days of arrest, as defendants urge -- that term does not appear in Rule 6(f) or § 3161(b) and the indictment process as explained by the government ends with the magistrate intake clerk, on the same day the indictment is returned to a magistrate judge in open court, affixing the filing date on the indictment documents. The timing of the subsequent entry on the electronic docket that the indictment has been filed or returned is thus irrelevant to Speedy Trial Act compliance.

Nor, the Court concludes, is there any meaningful distinction between the return and the filing of the indictment in assessing the government's compliance with the Speedy Trial Act in this case. Even if there is a difference in the two events, here both the return in open court to the magistrate judge and the magistrate intake clerk's subsequent act of affixing the "filed in open court" stamp on the indictment documents occurred on the same day -- December 20 -- within the 30-day window following the arrest of defendants. But in any event, the terms "return" and

"filed" in reference to the timeliness of an indictment appear to be interchangeable, and have been so employed by the federal courts. See United States v. Garrett, 720 F.2d 705, 707-11 (D.C. Cir. 1983) (commencing its analysis with the return date in assessing whether the indictment was timely filed under § 3161(b) given certain excludable periods); United States v. Leftenant, 341 F.3d 338, 344 (4th Cir. 2003) (employing the terms "returned" and "secured" in determining whether the indictment was timely under § 3161(b)); United States v. Antonio, 705 F.2d 1483, 1484 (9th Cir. 1983) (employing "the return of an indictment or filing of an information" in assessing compliance with the 30-day requirement of § 3161(b)); United States v. Mahan, 492 F. Supp. 2d 822, 826 (S.D. Ohio 2006) (examining whether the indictment "was returned in timely fashion under § 3161(b)").

Based on the uncontroverted facts relating to the instant indictment, as well as the common-sense reading of 18 U.S.C. § 3161(b) together with Fed. R. Crim. P. 6(f) reflected in relevant judicial decisions, the Court concludes that the indictment was timely filed under § 3161(b) when it was returned in open court on December 20, 2007.  Accordingly, defendants' motion to dismiss the indictment is **DENIED**.

    **SO ORDERED.**

/s/<br>
JOHN D. BATES<br>
United States District Judge

Dated:   March 10, 2008