UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | CRIM. No. 07-352-03(JDB) |
| : | |
| : | |
| **CESAR ISABEL,** : | |
| **Defendant** : | |

## SUPPLEMENT TO MOTION TO REVOKE ORDER OF DETENTION

The defendant, through undersigned counsel, hereby states the following as supplemental support of his Motion to Revoke Order of Detention and Set Conditions of Release:

1. The defendant filed a Motion to Revoke Order of Detention and Set Conditions of Release on February 10, 2008. At the status hearing on February 27, 2008, the court reserved judgment on the motion. The defense also informed the court that it would ascertain from the Pretrial Services Agency whether or not Mr. Isabel is eligible for Intensive Supervision (Electronic Monitoring).

2. Mr. Vaughan Wilson of Pretrial Services Defense has informed defense counsel that the defendant is not eligible for Intensive Supervision at this time.

3. However, counsel has discussed Mr. Isabel's situation with his long-time employer, Antonio J. Sanchez, business manager for Renaissance Home Improvements. Mr. Sanchez has appeared at court for all of Mr. Isabel's hearings; he recognizes the defendant as a valuable employee and will put him back to work immediately upon his release. *See Attachment to Motion to Revoke.* An additional factor, not previously cited, is Mr. Sanchez's willingness to act as a Third Party Custodian. Counsel has detailed the

duties of such a custodian to Mr. Sanchez, including the duty to remind the defendant of his obligations, and to report any violations of conditions of release to the Court. Mr. Sanchez has advised counsel that he would gladly accept such appointment and would be forthright with the court.

4. The Government in its Response makes no substantive argument against the defendant's release. Instead, it simply asserts that the Magistrate Judge had previously detained Mr. Isabel after considering some of the same arguments raised in the latter's bond review motion. Its response infers a misapplication of the standard of review of a Magistrate Judge's Order of Detention: the correct standard is *de novo*, and the court must therefore make its own independent evaluation of the applicable factors. In addition, the Magistrate Judge did not have the benefit of a confirmed offer of employment and a verified positive and stable employment history to factor into the release equation. The availability of a reliable Third Party Custodian is an additional safeguard against danger to the community for the court to consider, especially in light of Mr. Isabel's lack of any prior criminal convictions.

**WHEREFORE**, the defendant reiterates his request for release upon appropriate conditions as delineated in his Motion To Revoke Detention Order, with the additional condition that Mr. Antonio Sanchez Lopez be appointed as Third Party Custodian.

          Respectfully submitted,


------------------------------
Mitchell M. Seltzer
Bar #261933
Counsel for Cesar Isabel
717 D Street, N.W.  #310
Washington, D.C. 20004
 (202) 347-2333


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Supplement has been served electronically upon the United States Attorney's Office, and upon codefendant counsel of record, this ___18th___ day of March 2008.

          ----------------------------------