UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ] | |
| ] | |
| vs. ] | **Criminal No. 07-352-02 (JDB)** |
| ] | **Judge John D. Bates** |
| **(Francisco Marte, et al., -01)** ] | |
| **MANUEL DEJESUS CARPIO** ] | |
| Defendant. ] | |

DEFENDANT'S MOTION FOR DISCOVERY
PURSUANT TO RULE 16 and RULE 26.2

COMES NOW, the defendant, Manuel DeJesus Carpio, through undersigned counsel, pursuant to Rules 16 and 26.2 of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the United States Constitution and respectfully moves this Court to an Order compelling the government, by its counsel, the U.S. Attorney for the District of Columbia, to disclose to the defense counsel the following information pursuant to Rule16.

**A. Statements of the Defendant and any alleged co-defendant(s), unnamed and or unindicted co-conspirator(s), cooperating witness(es) and informant(s):**

1. The U.S. Attorney for the District of Columbia has filed a one count indictment against Mr. Carpio in which he is charged along with Francisco Aberto Marte and Cesar Isabel, with unlawful Possession with Intent to Distribute 500 Grams or More of Cocaine in violation of Title 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(B)(ii). The indicted offenses allegedly occurred on or about November 29, 2007 at 5510 Third Street, N. E., Washington, D.C. The government asserts that the transaction was visually monitored by officers of the Metropolitan Police Department. The government further alleges that the charged offense involved the prearranged sale of a kilogram of to a confidential, cooperating witness.

In the discovery materials provided to date, by its attorney, Assistant U.S. Attorney Rhonda Campbell, the Government has not disclosed or acknowledged to the defendant the existence of any pertinent electronic surveillance materials which may have been obtained during the course of this investigation  Defendant, therefore, moves the Court to order pursuant to Rule 16(a)(1)(A) the government to disclose and make available for photocopying any oral, written or recorded statements of any kind in the government's possession attributed to him or before, during or after arrest which the government intends to offer as substantive evidence or use for impeachment at trial.  These request extends to any statements made to the confidential, cooperating witness during the course of the alleged investigation..

3. Defendant Carpio further request the production of any statements by **any person** elicited under custodial interrogation or equivalent circumstances, or adopted in testimony before the Grand Jury or Rule 11 plea proceedings before this Court, which may be admissible at trial against co-defendants Marte or Isabel as co-conspirator admissions, or which may constitute ***Bruton*** statements.  Implicit in this discovery request is a demand for a declaration of the circumstances surrounding the making of any such statements (spontaneous, consensual, after advisement of ***Miranda*** rights or otherwise) and a copy of any pertinent recordings or transcripts.

.       **B. Prior Criminal Records:**

4. Pursuant to Rule 16 (a)(1)(B), defendant moves the court to order the government to furnish to him a copy of any prior criminal record which applies to him, [and to any of cooperating witness whose testimony the government seeks to introduce at trial per ***Giglio request below*** ] to the extent that such records are within the possession, custody or control of the government, the existence of which is now, or by the exercise of due diligence may become known, to the attorney for the government. This request includes, but is not limited to, all

information contained in the NCIC and NADDIS law enforcement databases.

**C.  Tangible, Documentary and Illustrative and Summary evidence:**

5.  Pursuant to Rule 16 (a)(1)(B) and Rule 1006, defendant Carpio moves the Court to order the government to produce or make available for inspection and copying all books, documents, papers, photographs, tangible objects, summary exhibits, tables, diagrams and charts in the control of the government which are material to the preparation of the defense or which the government intends to use in its case-in-chief or which were seized from or belong to the defendant.  For all relevant tangible evidence, defense counsel request a viewing letter to inspect all narcotics evidence, firearms, clothing, automobiles, crime scene sketches and diagrams and any of physical evidence within the government's possession, custody or control.

6.  " Evidence within the government's possession, custody or control" includes gathered by and/or held by, the  Metropolitan Police Department,  Federal Bureau of Investigation, U.S. Marshals Service,  U.S. Park Police,  Bureau of Alcohol, Tobacco and Firearms, Drug Enforcement Agency, the Immunization and Customs Enforcement Agency or any other governmental agency or individual acting under governmental agency direction.  ***See, United States v. Rippy, 196 U.S. App. D.C. 234, 606 F.2d 1150 (1979),; United States v. McCray, 142 U.S. App. D.C. 132, 439 F.2d 642; Sanders v. United States, 114 U.S. App. D.C. 345, 316 F.2d 346 (1963); Williams v. United States, 119 U.S. App. D.C. 177, 338 F.2d 286 (1964) (summary of investigation statements by clerks); United States v. Bundy, 153 U.S. app. D.C. 191, 472 F.2d 1266 (1967) (rough notes of police officers and investigators): Montgomery v. United States, 384 A. 2d 655 (D.C. 1968) (police forms, reports and radio runs); Clancy v. United States, 365 U.S. 312 (1961).***

**D.  Medical and Scientific Examinations, Tests, Reports and Expert Testimony:**

7. Defendant request that the government provide copies of, or permit defense counsel to inspect and make copies of any reports of Drug Enforcement Administration relative to the chemical analysis of any seized narcotics evidence to be offered at trial as evidence of the narcotics distribution charged in Counts One. Defendant further requests copies of the results of all scientific and/or forensic tests or examinations, including firearms, DNA, fingerprint, metallurgic and ballistics examination reports, and any other materials discoverable pursuant to Rule 16 (a)(1)(D)**.** The defense request that the government identify and provide a summary of the testimony of any expert witness(es) its intends to rely upon in the government's case-in-chief so that the defense counsel will have an adequate opportunity to evaluate whether to call its own experts. Moreover, the defendant has not been informed whether any latent fingerprints were recovered from any seized evidence or crime scene. If latent fingerprints were recovered and analyzed, the defendant requests a copy of the results of such analysis, examination or testing.

### E.  Rule 26.2 Statements of Witnesses and *Jencks* Materials

8. Pursuant to Rule 26.2 , defendant requests  preservation and production of witnesses statements relevant to a pretrial determination of the admissibility of co-conspirators' statements pursuant to FRE 801(d)(2)(E).   In requesting the pre-trial production of *Jencks Act* materials, 18 U.S.C. Sec. 3500*,* defendant contends that under the controlling authorities the government is deemed in vicarious possession of all responsive co-conspirator statements obtained by the law enforcement agencies involved in the prosecution of this case  and that all such statements are subject to disclosure requirements of the Act *if the government intends to call the co-conspirator as a witness.  See United States v. Kevin Williams-Davis, 90 F. 3d 490, 512-513 (D.C. Cir. 1996); United States v. Rivera, 6 F. 3d 431 (7th Cir. 1993); United States v. Roberts; 811 f.2d 257, 258 (4th Cir. 1987)(en banc); United States v. Tarantino, 846 F.2d 1384, 1418*

*(D.C. Cir. 1988).* The defendant, therefore, requests the government to search the files of all law enforcement agencies involved in the investigation of case to determine what , if any *Jencks* material exists. Consistent with the holding in <u>*Golberg v. United States,* 425 U.S. 94</u>, defendant requests that the *Jencks* materials disclosed include copies of any substantially verbatim notes taken by any prosecutor while interviewing the government's witnesses.

9.  Moreover, the government has not notified the defendant of the existence of any recorded police communications (i.e, 911 calls or radio runs) discoverable as *Jencks* materials, but in either case, request that the Court order the government to conduct a search to ascertain whether any recorded transmissions where preserved as evidence in this case. The defendant further requests that the Court order the government to disclose *Jencks* materials at least two days before trial in order to provide the defense a meaningful opportunity to prepare its case. Early disclosure of *Jencks* materials would facilitate an orderly and smoothly flowing trial, avoid unnecessary delays after the jury is empaneled, and thus, avoid inconvenience to the Court. ***See,*** <u>*Jencks v. United States,* 353 U.S. 657 (1957);[Title 18, U.S.Code, Sec. 3500]</u>; <u>*Duncan v. United States,* 126 U.S. App. D.C. 371, 379 F.2d 148 (1967)</u>

   F.  <u>*Lewis, Giglio and Davis v. Alaska* information:</u>

10.  The defendant moves the Court to order that the government disclose as pretrial discovery all information concerning the prior criminal records of all witnesses it plans to call at trial. <u>*Lewis v. United States,* 408 A.2d 33 (D.C. 1979);</u> <u>*Merriweather v. United States,* 466 A.2d 853 (D.C. 1983).</u> The request for *Lewis* information includes police witnesses who have been charged or sanctioned through administrative (i.e. Civilian Complaint Review Board) or departmental disciplinary proceedings for misconduct in the performance of their official duties. The Court's discovery order should also require the government to comply with <u>*Giglio v. United*</u>

*States*, *405 U.S. 150, (1972)* and provided all relevant impeachment information and set forth a detailed description of any benefits, inducements or preferential treatment given or promised to any of the government witnesses. The Court discovery order should also include the directive that the government disclose any juvenile records of its witnesses as required by ***Davis v. Alaska, 415 U.S. 308 (1974).***

### G. *Drew/Tolliver Evidence*

11. Defendant specifically request written pretrial notification of any "other crimes, or bad acts" evidence which the government plans to use against Mr. Carpio pursuant to ***Drew v. United States, 118 U.S. App. D.C. 11, 331 F.2d 85 (1964)*** and /or under ***United States v. Toliver, 468 A.2d 958 (D.C. 1983).*** The defendant further requests that such responsive disclosure be made by the government as soon as possible so that counsel may investigate the allegations or otherwise dispute or admit the admissibility of such uncharged misconduct.

### H. *Brady* **Materials:**

12. Defendant moves the Court to order the government to make meaningful and timely disclose of all exculpatory information in its possession under ***Brady v. Maryland, 373 U.S. 83 (1963).*** The defendant makes the following specific requests:

a) Any prior false allegations of criminal conduct made by any government witness. ***See, Giles v. Maryland, 386 U.S. 66 (1967); Brooks v. United States, 396 A.2d 200 (D.C.1978).***

b) The names, addresses and telephone numbers of all witnesses who made an excupating statement that either the defendant, was not a perpetrator, or indicated that they lacked knowledge, or had difficulty remembering any activities by the defendant in furtherance of, or as a participant in the charged criminal offense. ***See, United States ex rel Meers  v. Wilins, 396 F.2d 135 (2d Cir. 1964).***

c) All records pertaining to any confirmatory identification procedures conducted by law enforcement investigators in this case whereby defendant Carpio was determined to be a participant in the charged offenses including photo arrays, lineup or showup procedures, and the substance of any statements of any witness identifying the defendant as a co-defendant.

d) The names and addresses of all witnesses, who have made exculpatory statements, testimony, remarks or omissions favorable to or tending to exonerate defendant Carpio.

e) Any matter in which the government discovered false statements concerning the facts of this case by any of its witnesses, including all recantations, disavowal of previously asserted facts by any cooperating witness who implicated Manuel DeJesus Carpio as a participant in the charged offense.

13. As a final request, the defendant moves the Court to order the government to respond to his Motion for Discovery in writing and make available to the defense the requested discovery information *within 10 days of any favorable Court ruling on this motion.  Rosser v. United States, 381 A.2d 598 (D.C. 1977); Mangram v. United States, 418 A. 2d 1071 (D.C. 1980).*

Respectfully submitted,
**Manuel Dejesus Carpio,** Defendant
By Counsel:

James W. Rudasill, Jr. #318113
717 D Street, N.W., #310
Washington, D.C.,  20004
(202) 783-7908
rudasilljr7@aol.com

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Motion was served by hand and Pacer-ECF Rhonda Campbelle, Assistant United States Attorney, Narcotics Section, U.S. Attorney's Office for the District of Columbia 555 Fourth Street, N.W., Washington, D.C. 20530, this 28th day of June, 2006 , and by the same means upon all defense counsel of record.

                                                _____
                                                James W. Rudasill, Jr.

Case 1:07-cr-00352-JDB   Document 36   Filed 03/20/2008   Page 9 of 9