UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | CRIM. No. 07-352-03 (JDB) |
| : | |
| : | |
| CESAR ISABEL, : | |
|        Defendant : | |

## MOTION FOR SEVERANCE OF DEFENDANTS

The defendant, through undersigned counsel, respectfully requests that his trial be severed from the trial of the codefendants pursuant to Federal Rules of Criminal Procedure 14.

In support of this motion, the defendant states the following:

1.    The defendant Cesar Isabel, along with codefendants Francisco Albert Marte and Manuel Dejesus Carpio, is charged in a single count indictment with Unlawful Possession With Intent to Distribute 500 grams or more of cocaine, 21 U.S.C. Sect. 841 (a) (1) and (b) (1) (B). The government alleges that a Confidential Informant (C.I. #1), after arranging during unrecorded and unmonitored telephone contacts with Mr. Isabel to meet a subject who would sell him cocaine, then traveled with Mr. Isabel to a location where the codefendants would sell a quantity of cocaine to the CI. Subsequently the codefendants arrived in their own vehicle, and then entered into a police undercover vehicle operated by C.I. #2. At the direction of C.I. #2, codefendant Carpio then reached into his own vehicle and retrieved a red bag that contained a kilogram of cocaine. He handed the bag to codefendant Marte who in turn gave it to C.I. #2. According to the police, Mr. Isabel also entered the vehicle but did not directly participate in the transaction. An undercover police team then approached the U.C. vehicle and the defendants left the scene. All three defendants were stopped, searched and arrested, and

identified by undercover police officers that had allegedly observed but did not videotape or otherwise record the transaction. There were no drugs, weapons, money or other contraband seized from Mr. Isabel. A small quantity of cocaine was seized from Mr. Marte.

    2.    The disparity of the evidence against the codefendants in relation to the evidence against Mr. Isabel mandates that the defendant be tried separately from each codefendant. Federal Rule of Criminal Procedure 14. The evidence against the defendant is that he is allegedly participated in a series of *unrecorded and unmonitored* telephone conversations with C.I. #1 and that he drove with him to the location where the transaction took place. In contrast, the codefendants drove to the scene in their own vehicle, and then allegedly went into an undercover vehicle and negotiated a transaction with a second C.I. At C.I. #2's direction, codefendant Carpio then obtained a red bag that contained a kilo of cocaine from his own vehicle, and handed it to Marte who then gave it to C.I. # 2. While the police state that Mr. Isabel was also present in the U.C. vehicle, they acknowledge that he never actually possessed the narcotics and that he did not communicate with C.I. #2 or otherwise participate in the transaction. (Mr. Isabel denies that he was ever in the U.C. vehicle.) In addition, cocaine was seized from Marte at the scene while no contraband was seized from Mr. Isabel.

    3. It will be extremely difficult for the jury to keep the compelling evidence of actual possession against the codefendants separate from the minimal evidence against the defendant. A separate trial is the only way to assure that the defendant will not be deprived of a fair trial due to this prejudicial spillover. United States v. Tarantino, 846 F2d. 1384 (D.C. Cir. 1988). The evidence against the defendant here is slight, United

States v. Mardian, 546 F2d. 973 (D.C. Cir. 1976), and the risk of transference of the codefendant's guilt is significant. United States v. Sampol, 636 F2d. 623, 644-648 (D.C. Cir. 1980).

.      5.  The defendant also reserves the right to move for severance if mutually antagonistic defenses arise, Rhone v. United States, 365 F2d. 980, 981 (D.C. Cir. 1966), or if the defendant is precluded from calling one of the codefendants as a witness, See King v. United States, 550 A2d. 348 (D.C. App. 1988).  The defendant also reserves the right to move for severance upon the discovery of any codefendant statement that implicates him.  Bruton v. United States, 391 U.S. 123 (1968).

       6.  A hearing on this motion is requested.

**WHEREFORE**, the defendant moves that he be tried separately from the codefendants.

                              Respectfully submitted,

                              _____
                              Mitchell M. Seltzer
                              Bar #261933
                              Counsel for Cesar Isabel
                              717 D Street N.W.#310
                              Washington, D.C. 20004
                               (202) 347-2333

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing Motion For Severance has been served electronically upon A.U.S.A. Rhonda Campbell and upon each codefendant's counsel of record, this _____20th_____ day of March 2008.

                              _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | CRIM. No. 07-352-03 (JDB) |
| : | |
| **CESAR ISABEL,** : | |
|    **Defendant** : | |

### ORDER

Upon consideration of the defendant's Motion for Severance of Defendants, any opposition thereto and the entire record in this case, it is hereby this _____ day of _____, 2008,

**ORDERED**, that the defendant's motion is **GRANTED**; and it is

**FURTHER ORDERED**, that the defendant, Cesar Isabel, be tried separately from each of the codefendants.

_____
**JOHN D. BATES, JUDGE**
United States District Court
for the District of Columbia