## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **CRIM.  No. 07-352-03(JDB)** |
| | : | |
| | : | |
| **CESAR ISABEL,** | : | |
| **Defendant** | : | |

### CONSENT MOTION TO LEAVE TO FILE ATTACHED MOTIONS

The defendant, through undersigned counsel, hereby moves for leave to now file the attached pretrial motions beyond the previously set deadline   In support of this motion, the defendant states the following:

1.  The Court previously extended the deadline for the filing of pretrial motions to March 20, 2008.

2. The defense filed a timely Motion to Sever. However, due to what counsel has been informed were corrupted files, the defense was unable to complete the electronic filing of its additional motions.

3.  The defense has corrected this technical problem and is now able to file its other pretrial motions.

4. Government counsel has informed the defense that it does not object and consents to the granting of this motion. The government will not be prejudiced, as the attached motions raise issues consistent with those addressed in the previously filed codefendants' motions, and responses are not due until April 7, 2008.

**WHEREFORE**, the defendant moves that his motion be granted, and that the Court grant leave for the attached pretrial motions to be filed at this time.

Respectfully submitted,

_____
Mitchell M. Seltzer
Bar #261933
Counsel for Cesar Isabel
717 D Street, N.W.  #310
Washington, D.C. 20004
 (202) 347-2333


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has been served electronically upon the United States Attorney's Office, and upon codefendant counsel of record, this ___31st___ day of March 2008.

_____

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | **CRIM.  No. 07-352-03 (JDB)** |
| | : | |
| | : | |
| **CESAR ISABEL,** | : | |
| **Defendant** | : | |

## <u>ORDER</u>

Upon consideration of the defendant's Consent Motion For Leave To File Attached Motions, and the entire record in this case, it is hereby this _____ day of _____, 2008,

**ORDERED**, that the defendant's motion is **GRANTED;** and it is further

**ORDERED** that the attached pretrial motions shall be filed, and once filed, shall be treated as timely filed.

_____
**JOHN D. BATES, JUDGE**
United States District Court
For the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : |
| | :     **CRIM. No. 07-352-03 (JDB)** |
| | : |
| | : |
| **CESAR ISABEL,** | : |
| **Defendant** | : |

**DEFENDANT'S MOTION TO SUPPRESS IDENTIFICATION**
**WITH POINTS AND AUTHORITIES IN SUPPORT THEREOF**

     The defendant, through undersigned counsel, respectfully requests that this Court enter an order suppressing any out-of-court identification of the defendant and any subsequent in-court identification by police officers or informants.

     In support of this motion, the defendant states the following:

     1.    The defendant Cesar Isabel, along with codefendants Francisco Albert Marte and Manuel Dejusus Carpio, is charged in a single count indictment with Unlawful Possession With Intent to Distribute 500 grams or more of cocaine, 21 U.S.C. Sect. 841 (a) (1) and (b) (1) (B). The government alleges that a Confidential Informant (C.I. #1), after arranging during unrecorded and unmonitored telephone contacts with Mr. Isabel to meet a subject who would sell him cocaine, then traveled with Mr. Isabel to a location where the codefendants would sell a quantity of cocaine to the CI. Subsequently the codefendants arrived in their own vehicle, and then entered into a police undercover vehicle operated by C.I. #2. At the direction of C.I. #2, codefendant Carpio then reached into his own vehicle and retrieved a red bag that contained a kilogram of cocaine. He handed the bag to codefendant Marte who in turn gave it to C.I. #2. According to the police, Mr. Isabel also entered the vehicle but did not directly participate in the transaction. An undercover police team then approached the U.C. vehicle and the defendants left the scene. All three defendants were stopped, searched and arrested, and

identified by undercover police officers that had allegedly observed but did not videotape or otherwise record the transaction. There were no drugs, weapons, money or other contraband seized from Mr. Isabel. According to the government, Mr. Isabel did not make any statements to the police at the time of his arrest. (A small quantity of cocaine was seized from Mr. Marte.)

      2.  Applying the totality of the circumstances test adopted by the Supreme Court in Illinois v. Gates, 462 U.S. 213 (1983), it is clear that the police lacked probable cause to detain and search Mr. Isabel, and to then allow other police witnesses to identify him.  Prior to seizing the subject, the officers did not observe him in possession of narcotics nor were the officers in receipt of sufficient, reliable information to conclude that the subject possessed narcotics or had committed any other crime.  (There is nothing in the police reports that attests to the reliability, or lack thereof of C.I. #1, nor were his alleged communications with Mr. Isabel either recorded or monitored.)   In addition, the defendant's presence in the vicinity of a drug transaction was not sufficient to justify a stop of his person, and clearly did not rise to the level of probable cause to justify his detention. See Smith v. United States, 558 A. 2d 312, 315-16 (1989); Duhart v. United States, 589 A. 2d 895 (1991); Haywood v. United States, 584 A. 2d 552 (1990).  Absent sufficient probable cause, the identification of Mr. Isabel while he was detained by police officers must be suppressed as a fruit of an illegal seizure.  Wong Sun v. United States, 371 U.S. 471 (1963); Dunaway v. New York, 442 U.S. 200 (1979); See Gatlin v. United States, 326 F. 2d 666, 673 (D.C. Cir. 1963).

      3. Furthermore, the due process clause of the Fifth Amendment mandates that an identification that is shown to be unreliable shall not be introduced as evidence. Manson v. Brathwaite, 432 U.S. 98, 114 (1977); Watkins v. Sowders, 449 U.S. 341, 347 (1981). An identification may be so unreliable as to be lacking in any probative value, thereby offending the due process clause if allowed into evidence.  See Sheffield v. United States, 397 A. 2d 963, 967 n. 4 (1979). An examination into the circumstances

surrounding the identification while the defendant was in police custody will prove it highly suggestive and unreliable and therefore lacking any probative value. See In Re F.G., 576 A. 2d 724 (1990); See also Federal Rule of Evidence 403, allowing exclusion of evidence if its probative value is substantially outweighed by the danger of unfair prejudice.

        4.  Neither should an in-court identification by any witness be allowed unless the Government can establish a reliable source of identification independent of any suggestive or unreliable out-of-court identification.  United States v. Wade, 388 U.S. 218 (1967).

        5.  A hearing on this motion is requested.

        **WHEREFORE**, for the reasons stated above, and such other reasons as may appear to the Court at a hearing on this motion, the defendant requests that the Court suppress his identification by police or civilian witnesses while he was in police custody at the scene, as well as any in-court identification by such witnesses.

        Respectfully submitted,

_____
Mitchell M. Seltzer
Bar #261933
Counsel for Cesar Isabel
717 D Street N.W.#310
Washington, D.C. 20004
 (202) 347-2333

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Motion To Suppress Identification has been served electronically upon A.U.S.A. Rhonda Campbell and upon each codefendant's counsel of record, this _____31st_____ day of March 2008.

_____

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **CRIM.  No. 07-352-03 (JDB)** |
| | : | |
| | : | |
| **CESAR ISABEL,** | : | |
| **Defendant** | : | |

<u>**ORDER**</u>

   Upon consideration of the defendant's Motion to Suppress Identification, any opposition thereto and the entire record in this case, it is hereby this _____ day of _____, 2008,

   **ORDERED**, that the defendant's motion is **GRANTED.**

_____
**JOHN D. BATES, JUDGE**
United States District Court
For the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | **CRIM.  No. 07-352-03 (JDB)** |
| | : | |
| | : | |
| **CESAR ISABEL,** | : | |
| **Defendant** | : | |

**DEFENDANT'S MOTION FOR TIMELY DISCLOSURE OF IDENTITY OF**
**INFORMANTS WITH POINTS AND AUTHORITIES IN SUPPORT THEREOF**

The defendant, Cesar Isabel, by and through undersigned counsel, moves this Honorable Court, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, to order the Government to disclose the identities, including addresses and telephone numbers of the confidential informants involved in this case.  In support thereof, the defendant relies upon the following points and authorities:

In support of this motion, the defendant states the following:

1.     The defendant Cesar Isabel, along with codefendants Francisco Albert Marte and Manuel Dejusus Carpio, is charged in a single count indictment with Unlawful Possession With Intent to Distribute 500 grams or more of cocaine, 21 U.S.C. Sect. 841 (a) (1) and (b) (1) (B).  The government alleges that a Confidential Informant (C.I. #1), after arranging during unrecorded and unmonitored telephone contacts with Mr. Isabel to meet a subject who would sell him cocaine, then traveled with Mr. Isabel to a location where the codefendants would sell a quantity of cocaine to the CI.  Subsequently the codefendants arrived in their own vehicle, and then entered into a police undercover vehicle operated by C.I. #2. At the direction of C.I. #2, codefendant Carpio then reached into his own vehicle and retrieved a red bag that contained a kilogram of cocaine. He handed the bag to codefendant Marte who in turn gave it to C.I. #2. According to the

police, Mr. Isabel also entered the vehicle but did not directly participate in the transaction.  An undercover police team then approached the U.C. vehicle and the defendants left the scene. All three defendants were stopped, searched and arrested, and identified by undercover police officers that had allegedly observed but did not videotape or otherwise record the transaction. There were no drugs, weapons, money or other contraband seized from Mr. Isabel. A small quantity of cocaine was seized from Mr. Marte.

2.    Both C.I. #1 and C.I. #2 were actual participants in the activities that allegedly establish the offense of Possession With the Intent to Distribute, the only offense charged herein. Specifically, C.I. # 1 allegedly contacted Mr. Isabel to set up the transaction, and C.I. # 2 told the codefendants to retrieve the cocaine that they then transferred to him.   As such, C.I. #1 is the only witness to the alleged telephone communications that link Mr. Isabel to the transaction. C.I. #2 is an actual participant in the transaction, as well as the only non-law enforcement witness to the transaction and the surrounding events.

3.    The Government has not supplied the identities of these informants.

4.    Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege (to withhold his identity) must give way.  In these situations the trial court may require disclosure, and if the Government withholds the information, dismiss the action.  *Roviaro v. United States*, 353 U.S. 53, 60-61 (1975).

5.    Here the flow of information is not an issue--the CIs are active participants, not just dispensers of information.  The balance weighs heavily in favor of disclosure, since the CI(s) "...had helped to set up the criminal occurrence and had played a prominent part in it." *Rovario, supra* at 64.  In *Rovario, supra,* the Supreme Court held that the trial court had committed prejudicial error by permitting the Government to withhold the identity of its undercover employee.  The Court's reasoning is equally valid

here: the "informant" therein had helped to set up the criminal occurrence, had played a prominent part in it, and was the only person in a position to contradict or amplify the testimony of police witnesses. *Id*. Here the CIs' potential testimony is especially critical to establish that the defendant did not possess cocaine base with the intent to distribute it, or otherwise play a role in the transaction alleged in Count One. Therefore, the desirability of calling the informants as witnesses, or at least in interviewing them in preparation for trial is a matter for the accused rather than the Government to decide. *Id*; (*Distinguish United States v. Skeens*, 449 F.2d 1066, 1070 (D.C. Cir. 1971), wherein the informant did not actively participate in the alleged criminal activity, and disclosure was therefore not required).

6.    The Supreme Court in *Roviaro* made it clear that when the informant's name and address were requested, the Government should have been required to supply that information or suffer dismissal of the charges. Id. at 65. It will be seldom that a name alone is sufficient to identify an informer. *See United States v. Goss*, 237 F. Supp. 26, 28-29 (S.D.N.Y. 1965) (Government's refusal to supply name, address and telephone number of informant led the Court to grant the defendant's motion to suppress evidence.)

7.    Absent a timely opportunity to interview the informants in a neutral setting, the defense will be denied effective use at trial of the fruits of such an interview. *See United States v. Pollack*, 534 F.2d 964, 973-74 (D.C. Cir. 1976). The due process requirements of *Brady v. Maryland*, 373 U.S. 83 (1963), dictate that the defense be provided timely access to the witness.

8.    A hearing on this motion is requested.


**WHEREFORE**, the defendant respectfully requests that his motion be granted, and that the Government be ordered to provide to defense counsel the names, addresses, and telephone numbers of the CIs at least 14 days in advance of the motions hearings, i.e. by April 18, 2008.

Respectfully submitted,

_____

Mitchell M. Seltzer
Bar #261933
Counsel for Cesar Isabel
717 D Street N.W.#310
Washington, D.C. 20004
 (202) 347-2333

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion For Timely Disclosure Of
Identity Of Informants has been served electronically upon AUSA Rhonda Campbell and
upon each codefendant's counsel of record, this ____31st____ day of March 2008.

_____

4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | **CRIM.  No. 07-352-03 (JDB)** |
| | : | |
| | : | |
| **CESAR ISABEL,** | : | |
| **Defendant** | : | |

**ORDER**

Upon consideration of the defendant's Motion for Timely Disclosure of Identity of Informants, any opposition thereto and the entire record of this case, it is hereby this _____day of _____, 2008,

**ORDERED**, that the defendant's motion be **GRANTED;**

**FURTHER ORDERED**, that the Government shall provide the names, addresses and telephone numbers of the informants to defense counsel by _____, 2008.

_____
**JOHN D. BATES**, **Judge**
United States District Court
For the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      :
      :
      v.      :
      :      **CRIM. No. 07-352-03 (JDB)**
      :
      :
CESAR ISABEL,      :
      **Defendant**      :

**DEFENDANT'S MOTION FOR TIMELY DISCLOSURE
OF IMPEACHING EVIDENCE AND JENCKS MATERIAL
WITH POINTS AND AUTHORITIES IN SUPPORT THEREOF**

The defendant, Cesar Isabel, by and through undersigned counsel, moves this Honorable Court, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Kyles v. Whitley*, 514 U.S. 419, 115 S. Ct. 1555 (1995), for an Order directing the Government to forthwith make inquiry and disclose all of the following information within its possession, custody or control, or the existence of which is known or by the exercise of due diligence could become known:

1.  Any and all records and information revealing prior convictions or guilty verdicts or juvenile adjudications attributed to each witness to be called by the Government, including but not limited to "rap sheets" of federal, state and local law enforcement departments. *See Davis v. Alaska*, 415 U.S. 308 (1974).

2.  Any and all records and information revealing prior misconduct or bad acts attributed to each witness which bear directly on the veracity of the witness in respect to this case. *See Kitchen v. United States*, 221 F.2d 832 (D.C. Cir. 1972).

3.  Any and all consideration or promise of consideration given to or on behalf of each witness, or expected or hoped for by the witness. By "consideration," the defendant refers to anything whatsoever, whether bargained for or not, which could be of value or use to a witness or to persons of concern to the witness, including but not limited to

formal or informal, direct or indirect, lenience, favorable treatment or recommendations of other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, administrative, or other dispute with plaintiff or with any other authority or with any other parties; criminal, civil or tax immunity grants; relief from forfeitures, payments or money, rewards or fees, witness fees and special witness fees; provision of food, clothing, shelter, transportation, legal services or other benefits; placement in a "witness protection program," informer status of the witness, and anything else which arguably could reveal an interest, motive or bias in the witness in favor of the Government or against the defendant or which could act as an inducement to testify or to color testimony. *Giglio v. United States*, 405 U.S. 150 (1972). *See United States v. Smith*, 77 F.3d 511 (D.C. Cir. 1996) (prosecutor's failure to disclose dismissal of Superior Court charges against witness was material and should have been disclosed under *Brady*, requiring reversal of conviction.)

4. Any and all threats, express or implied, direct or indirect, or other coercion made or directed against each witness; criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against the witness; any probationary, parole, deferred prosecution, or custodial status of the witness, and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with any government (federal, state or local), or over which the prosecution has real, apparent, or perceived influence. *Id.; See Alford v. United States*, 282 U.S. 687 (1931).

5. Any and all records and information revealing drug or alcohol abuse by each witness, and whether each witness was using narcotics or alcohol at or about the time he observed the defendant commit the alleged offenses. *United States v. Fowler*, 465 F.2d 664 (D.C. Cir. 1972); *See United States v. Kearney*, 420 F.2d 542 (D.C. Cir. 1969).

6. The existence and identification of each occasion on which each witness has testified before any court, grand jury, or other tribunal body or otherwise officially narrated in relation to the defendant, the investigation, or the facts of this case.

7.  Information regarding the tax returns of the police officer witnesses in this case.  This request includes any information in the possession of the United States suggesting that any of these individuals' returns included one or more false statements or representations.   "Evidence that a witness has made false statements in a tax return is obviously a matter which affects the witness' credibility."  *Chnapkova v. Koh*, 985 F.2d 79, 82 (2d Cir. 1993) (citations omitted).  (In light of the publicity surrounding the audits, or lack thereof, of numerous MPD officers in recent years, there is certainly a reasonable basis for this request.)

8.  Any and all prior inconsistent statements made by any witness the Government intends to call either in its case-in-chief or in rebuttal.  *See United States v. Coffie*, 80 F.3d 514, (D.C. Cir. 1996) (prosecutor's failure to reveal that witness had previously lied under oath was material under *Brady*, requiring reversal of conviction.)

9.  Any and all investigation files compiled on each witness; the existence and identity of all federal, state and local government files for the witness; and the existence and identity of all official internal affairs, internal investigation or public integrity investigation files relating to or connected with each witness who was or is a law enforcement officer.

10.  Any and all other records and/or information which could be helpful to the defense in impeaching the Government's witnesses or which could possibly lead to records or information of an impeaching nature.

11.     The defendant also requests disclosure of Jencks Act, 18 U.S.C. §3500 material in advance of trial.  Such a procedure would avoid potential *Brady* questions, and facilitate trial without the requisite recesses necessary for all defense counsel to examine *Jencks* material after testimony by each witness.

12. The same records and information requested in items 1 through 10 above with respect to each non-witness declarant whose statements the prosecution intends to offer in evidence through the testimony of other witnesses.

The defendant emphasizes the need for the timely disclosure of all impeaching evidence. Absent timely pretrial disclosure, the defense will be denied the opportunity to effectively use such material in the preparation and presentation of its case, *United States v. Pollack*, 534 F.2d 964, 973-974 (D.C. Cir. 1976); *See United States v. Starusko*, 729 F.2d 256 (3d Cir. 1984).

WHEREFORE, the defendant respectfully requests that his motion be granted, and that the Government be ordered to provide all impeaching evidence to defense counsel 14 days in advance of the Motions Hearing, or by April 18, 2008, and advised to provide all *Jencks* material to defense counsel at least 3 days in advance of the Motions Hearing or by April 29, 2008.

Respectfully submitted,

_____
Mitchell M. Seltzer,
Bar #261933
Counsel for Cesar Isabel
717 D Street, NW, #310
Washington, D.C. 20004
(202) 347-2333

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Timely Disclosure of Impeaching Evidence has been served electronically upon AUSA Rhonda Campbell, and upon codefendants' counsel of record this ____28th_____day of March 2008.

_____

4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| **v.** | : |
| | :     **CRIM.  No. 07-352-03 (JDB)** |
| : | |
| | : |
| **CESAR ISABEL,** | : |
| **Defendant** | : |

**<u>ORDER</u>**

Upon consideration of the defendant's Motion for Timely Disclosure of Impeaching Evidence and *Jencks* Material, any opposition thereto and the entire record in this case, it is hereby this _____ day of _____, 2008,

**ORDERED**, that the defendant's motion is **GRANTED**; and it is further

**ORDERED**, that all impeaching evidence and shall be provided by the Government to defense counsel on or before _____, 2008; and it is

**ADVISED**, that all *Jencks* material be provided to defense counsel on or before_____ 2008.

_____
**JOHN D. BATES, JUDGE**
United States District Court
United States District Court
For the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **CRIM.  No. 07-352-03 (JDB)** |
| | : | |
| | : | |
| **CESAR ISABEL,** | : | |
| **Defendant** | : | |

### DEFENDANT'S REQUEST FOR NOTICE OF GOVERNMENT'S
### INTENTION TO USE RULE 404(b) EVIDENCE AT TRIAL

The defendant, through undersigned counsel, respectfully moves this Court, pursuant to Rules 104(a), 404 and 404(b) of the Federal Rules of Evidence, to order the Government to provide notice of its intention to use at trial (either in its case in chief or in rebuttal) any evidence which the Government contends is admissible under Rule 404(b) of the Federal Rules of Evidence.  The defendant also requests that the Court order the Government to specify the time, date, place, specific conduct, and names of witnesses in front of whom such specific conduct took place.

In support of this motion, the defendant states the following:

1.      The defendant Cesar Isabel, along with codefendants Francisco Albert Marte and Manuel Dejusus Carpio, is charged in a single count indictment with Unlawful Possession With Intent to Distribute 500 grams or more of cocaine, 21 U.S.C. Sect. 841 (a) (1) and (b) (1) (B).  The government alleges that a Confidential Informant (C.I. #1), after arranging during unrecorded and unmonitored telephone contacts with Mr. Isabel to meet a subject who would sell him cocaine, then traveled with Mr. Isabel to a location where the codefendants would sell a quantity of cocaine to the CI.  Subsequently the codefendants arrived in their own vehicle, and then entered into a police undercover vehicle operated by C.I. #2. At the direction of C.I. #2, codefendant Carpio then reached

into his own vehicle and retrieved a red bag that contained a kilogram of cocaine. He handed the bag to codefendant Marte who in turn gave it to C.I. #2. According to the police, Mr. Isabel also entered the vehicle but did not directly participate in the transaction. An undercover police team then approached the U.C. vehicle and the defendants left the scene. All three defendants were stopped, searched and arrested, and identified by undercover police officers that had allegedly observed but did not videotape or otherwise record the transaction. There were no drugs, weapons, money or other contraband seized from Mr. Isabel. A small quantity of cocaine was seized from Mr. Marte.

2.      Should any such Rule 404(b) evidence exist, the introduction of any such evidence and/or any similar evidence as of yet unknown to defense counsel would be extremely prejudicial to the defendant. Due process of law imposes an obligation on the Government to disclose well in advance of trial its intention to use Rule 404(b) evidence and the exact nature of such evidence. Moreover, under Federal Rule of Evidence 104(b), the Court shall determine preliminary questions regarding the admissibility of evidence. If the Court is aware that the Government seeks to introduce Rule 404(b) evidence, the admissibility issue should be litigated prior to the commencement of trial, thus expediting the trial while allowing for careful scrutiny by the Court.

3.      Additionally, such disclosure will allow the defense an opportunity to meet the similar acts evidence on the merits and prevent prejudicial surprise.

**WHEREFORE**, the defendant respectfully requests that the Court order the Government to provide advance notice of the time, date, place, specific conduct, and witnesses to such conduct that the Government believes is admissible pursuant to Rule 404(b).

Respectfully submitted,

_____
Mitchell M. Seltzer
Counsel for Mr. Isabel
717 D Street, NW, #310
Washington, D.C. 20004
(202) 347-2333

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Motion For Notice of 404(b) Evidence has been served electronically upon AUSA Rhonda Campbell and upon each codefendant's counsel of record, this _____31st_____ day of March 2008.

_____

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **CRIM.  No. 07-352-03 (JDB)** |
| | : | |
| | : | |
| **CESAR ISABEL,** | : | |
| **Defendant** | : | |

## ORDER

Upon consideration of the defendant's Motion for Notice of Government's Intention to Introduce Rule 404(b) Evidence, any opposition thereto and the entire record in this case, it is hereby this _____ day of _____, 2008,

**ORDERED**:  That the Government shall provide notice of the date, time, place, specific conduct and witnesses to any such conduct which the government believes is admissible pursuant to Rule 404(b), to defense counsel by _____, 2008.

_____
**JOHN D.  BATES, JUDGE**
United States District Court
For the District of Columbia