UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | CRIM. No. 07-352-03 (JDB) |
| : | |
| : | |
| CESAR ISABEL, : | |
| Defendant : | |

**DEFENDANT'S MOTION FOR TIMELY DISCLOSURE OF IDENTITY OF
INFORMANTS WITH POINTS AND AUTHORITIES IN SUPPORT THEREOF**

The defendant, Cesar Isabel, by and through undersigned counsel, moves this Honorable Court, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, to order the Government to disclose the identities, including addresses and telephone numbers of the confidential informants involved in this case. In support thereof, the defendant relies upon the following points and authorities:

In support of this motion, the defendant states the following:

1. The defendant Cesar Isabel, along with codefendants Francisco Albert Marte and Manuel Dejusus Carpio, is charged in a single count indictment with Unlawful Possession With Intent to Distribute 500 grams or more of cocaine, 21 U.S.C. Sect. 841 (a) (1) and (b) (1) (B). The government alleges that a Confidential Informant (C.I. #1), after arranging during unrecorded and unmonitored telephone contacts with Mr. Isabel to meet a subject who would sell him cocaine, then traveled with Mr. Isabel to a location where the codefendants would sell a quantity of cocaine to the CI. Subsequently the codefendants arrived in their own vehicle, and then entered into a police undercover vehicle operated by C.I. #2. At the direction of C.I. #2, codefendant Carpio then reached into his own vehicle and retrieved a red bag that contained a kilogram of cocaine. He handed the bag to codefendant Marte who in turn gave it to C.I. #2. According to the

police, Mr. Isabel also entered the vehicle but did not directly participate in the transaction. An undercover police team then approached the U.C. vehicle and the defendants left the scene. All three defendants were stopped, searched and arrested, and identified by undercover police officers that had allegedly observed but did not videotape or otherwise record the transaction. There were no drugs, weapons, money or other contraband seized from Mr. Isabel. A small quantity of cocaine was seized from Mr. Marte.

     2.    Both C.I. #1 and C.I. #2 were actual participants in the activities that allegedly establish the offense of Possession With the Intent to Distribute, the only offense charged herein. Specifically, C.I. # 1 allegedly contacted Mr. Isabel to set up the transaction, and C.I. # 2 told the codefendants to retrieve the cocaine that they then transferred to him. As such, C.I. #1 is the only witness to the alleged telephone communications that link Mr. Isabel to the transaction. C.I. #2 is an actual participant in the transaction, as well as the only non-law enforcement witness to the transaction and the surrounding events.

     3.    The Government has not supplied the identities of these informants.

     4.    Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege (to withhold his identity) must give way. In these situations the trial court may require disclosure, and if the Government withholds the information, dismiss the action. *Roviaro v. United States*, 353 U.S. 53, 60-61 (1975).

     5.    Here the flow of information is not an issue--the CIs are active participants, not just dispensers of information. The balance weighs heavily in favor of disclosure, since the CI(s) "...had helped to set up the criminal occurrence and had played a prominent part in it." *Rovario, supra* at 64. In *Rovario, supra,* the Supreme Court held that the trial court had committed prejudicial error by permitting the Government to withhold the identity of its undercover employee. The Court's reasoning is equally valid

here: the "informant" therein had helped to set up the criminal occurrence, had played a prominent part in it, and was the only person in a position to contradict or amplify the testimony of police witnesses. *Id*. Here the CIs' potential testimony is especially critical to establish that the defendant did not possess cocaine base with the intent to distribute it, or otherwise play a role in the transaction alleged in Count One. Therefore, the desirability of calling the informants as witnesses, or at least in interviewing them in preparation for trial is a matter for the accused rather than the Government to decide. *Id*; (*Distinguish United States v. Skeens*, 449 F.2d 1066, 1070 (D.C. Cir. 1971), wherein the informant did not actively participate in the alleged criminal activity, and disclosure was therefore not required).

6. The Supreme Court in *Roviaro* made it clear that when the informant's name and address were requested, the Government should have been required to supply that information or suffer dismissal of the charges. Id. at 65. It will be seldom that a name alone is sufficient to identify an informer. *See United States v. Goss*, 237 F. Supp. 26, 28-29 (S.D.N.Y. 1965) (Government's refusal to supply name, address and telephone number of informant led the Court to grant the defendant's motion to suppress evidence.)

7. Absent a timely opportunity to interview the informants in a neutral setting, the defense will be denied effective use at trial of the fruits of such an interview. *See United States v. Pollack*, 534 F.2d 964, 973-74 (D.C. Cir. 1976). The due process requirements of *Brady v. Maryland*, 373 U.S. 83 (1963), dictate that the defense be provided timely access to the witness.

8. A hearing on this motion is requested.

**WHEREFORE**, the defendant respectfully requests that his motion be granted, and that the Government be ordered to provide to defense counsel the names, addresses, and telephone numbers of the CIs at least 14 days in advance of the motions hearings, i.e. by April 18, 2008.

                      Respectfully submitted,

                      _____
                      Mitchell M. Seltzer
                      Bar #261933
                      Counsel for Cesar Isabel
                      717 D Street N.W.#310
                      Washington, D.C. 20004
                      (202) 347-2333

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion For Timely Disclosure Of Identity Of Informants has been served electronically upon AUSA Rhonda Campbell and upon each codefendant's counsel of record, this ____31st____ day of March 2008.

                      _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **CRIM. No. 07-352-03 (JDB)** |
| : | |
| : | |
| **CESAR ISABEL,** : | |
| **Defendant** : | |

## ORDER

Upon consideration of the defendant's Motion for Timely Disclosure of Identity of Informants, any opposition thereto and the entire record of this case, it is hereby this _____day of _____, 2008,

**ORDERED**, that the defendant's motion be **GRANTED**;

**FURTHER ORDERED**, that the Government shall provide the names, addresses and telephone numbers of the informants to defense counsel by _____, 2008.

_____
**JOHN D. BATES**, Judge
United States District Court
For the District of Columbia