UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | CRIM. No. 07-352-03 (JDB) |
| : | |
| : | |
| CESAR ISABEL, : | |
| Defendant : | |

**DEFENDANT'S MOTION FOR TIMELY DISCLOSURE
OF IMPEACHING EVIDENCE AND JENCKS MATERIAL
WITH POINTS AND AUTHORITIES IN SUPPORT THEREOF**

The defendant, Cesar Isabel, by and through undersigned counsel, moves this Honorable Court, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Kyles v. Whitley*, 514 U.S. 419, 115 S. Ct. 1555 (1995), for an Order directing the Government to forthwith make inquiry and disclose all of the following information within its possession, custody or control, or the existence of which is known or by the exercise of due diligence could become known:

1. Any and all records and information revealing prior convictions or guilty verdicts or juvenile adjudications attributed to each witness to be called by the Government, including but not limited to "rap sheets" of federal, state and local law enforcement departments. *See Davis v. Alaska*, 415 U.S. 308 (1974).

2. Any and all records and information revealing prior misconduct or bad acts attributed to each witness which bear directly on the veracity of the witness in respect to this case. *See Kitchen v. United States*, 221 F.2d 832 (D.C. Cir. 1972).

3. Any and all consideration or promise of consideration given to or on behalf of each witness, or expected or hoped for by the witness. By "consideration," the defendant refers to anything whatsoever, whether bargained for or not, which could be of value or use to a witness or to persons of concern to the witness, including but not limited to

formal or informal, direct or indirect, lenience, favorable treatment or recommendations of other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, administrative, or other dispute with plaintiff or with any other authority or with any other parties; criminal, civil or tax immunity grants; relief from forfeitures, payments or money, rewards or fees, witness fees and special witness fees; provision of food, clothing, shelter, transportation, legal services or other benefits; placement in a "witness protection program," informer status of the witness, and anything else which arguably could reveal an interest, motive or bias in the witness in favor of the Government or against the defendant or which could act as an inducement to testify or to color testimony. *Giglio v. United States*, 405 U.S. 150 (1972). *See United States v. Smith*, 77 F.3d 511 (D.C. Cir. 1996) (prosecutor's failure to disclose dismissal of Superior Court charges against witness was material and should have been disclosed under *Brady*, requiring reversal of conviction.)

    4. Any and all threats, express or implied, direct or indirect, or other coercion made or directed against each witness; criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against the witness; any probationary, parole, deferred prosecution, or custodial status of the witness, and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with any government (federal, state or local), or over which the prosecution has real, apparent, or perceived influence. *Id.; See Alford v. United States*, 282 U.S. 687 (1931).

    5. Any and all records and information revealing drug or alcohol abuse by each witness, and whether each witness was using narcotics or alcohol at or about the time he observed the defendant commit the alleged offenses. *United States v. Fowler*, 465 F.2d 664 (D.C. Cir. 1972); *See United States v. Kearney*, 420 F.2d 542 (D.C. Cir. 1969).

    6. The existence and identification of each occasion on which each witness has testified before any court, grand jury, or other tribunal body or otherwise officially narrated in relation to the defendant, the investigation, or the facts of this case.

7. Information regarding the tax returns of the police officer witnesses in this case. This request includes any information in the possession of the United States suggesting that any of these individuals' returns included one or more false statements or representations. "Evidence that a witness has made false statements in a tax return is obviously a matter which affects the witness' credibility." *Chnapkova v. Koh*, 985 F.2d 79, 82 (2d Cir. 1993) (citations omitted). (In light of the publicity surrounding the audits, or lack thereof, of numerous MPD officers in recent years, there is certainly a reasonable basis for this request.)

8. Any and all prior inconsistent statements made by any witness the Government intends to call either in its case-in-chief or in rebuttal. *See United States v. Coffie*, 80 F.3d 514, (D.C. Cir. 1996) (prosecutor's failure to reveal that witness had previously lied under oath was material under *Brady*, requiring reversal of conviction.)

9. Any and all investigation files compiled on each witness; the existence and identity of all federal, state and local government files for the witness; and the existence and identity of all official internal affairs, internal investigation or public integrity investigation files relating to or connected with each witness who was or is a law enforcement officer.

10. Any and all other records and/or information which could be helpful to the defense in impeaching the Government's witnesses or which could possibly lead to records or information of an impeaching nature.

11. The defendant also requests disclosure of Jencks Act, 18 U.S.C. §3500 material in advance of trial. Such a procedure would avoid potential *Brady* questions, and facilitate trial without the requisite recesses necessary for all defense counsel to examine *Jencks* material after testimony by each witness.

12. The same records and information requested in items 1 through 10 above with respect to each non-witness declarant whose statements the prosecution intends to offer in evidence through the testimony of other witnesses.

The defendant emphasizes the need for the timely disclosure of all impeaching evidence. Absent timely pretrial disclosure, the defense will be denied the opportunity to effectively use such material in the preparation and presentation of its case, *United States v. Pollack*, 534 F.2d 964, 973-974 (D.C. Cir. 1976); *See United States v. Starusko*, 729 F.2d 256 (3d Cir. 1984).

**WHEREFORE**, the defendant respectfully requests that his motion be granted, and that the Government be ordered to provide all impeaching evidence to defense counsel 14 days in advance of the Motions Hearing, or by April 18, 2008, and advised to provide all *Jencks* material to defense counsel at least 3 days in advance of the Motions Hearing or by April 29, 2008.

Respectfully submitted,

_____
Mitchell M. Seltzer,
Bar #261933
Counsel for Cesar Isabel
717 D Street, NW, #310
Washington, D.C. 20004
 (202) 347-2333

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Timely Disclosure of Impeaching Evidence has been served electronically upon AUSA Rhonda Campbell, and upon codefendants' counsel of record this \_\_\_\_28th_____day of March 2008.

_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **CRIM. No. 07-352-03 (JDB)** |
| : | |
| : | |
| **CESAR ISABEL,** : | |
| **Defendant** : | |

## ORDER

Upon consideration of the defendant's Motion for Timely Disclosure of Impeaching Evidence and *Jencks* Material, any opposition thereto and the entire record in this case, it is hereby this _____ day of _____, 2008,

**ORDERED**, that the defendant's motion is **GRANTED**; and it is further

**ORDERED**, that all impeaching evidence and shall be provided by the Government to defense counsel on or before _____, 2008; and it is

**ADVISED**, that all *Jencks* material be provided to defense counsel on or before_____ 2008.

                                                              **JOHN D. BATES, JUDGE**
                                                                United States District Court
                                                                United States District Court
                                                                For the District of Columbia