UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIM. No. 07-352-03 (JDB) |
| : | |
| CESAR ISABEL, : | |
| Defendant : | |

DEFENDANT'S MOTION TO SUPPRESS IDENTIFICATION
WITH POINTS AND AUTHORITIES IN SUPPORT THEREOF

The defendant, through undersigned counsel, respectfully requests that this Court enter an order suppressing any out-of-court identification of the defendant and any subsequent in-court identification by police officers or informants.

In support of this motion, the defendant states the following:

1.   The defendant Cesar Isabel, along with codefendants Francisco Albert Marte and Manuel Dejusus Carpio, is charged in a single count indictment with Unlawful Possession With Intent to Distribute 500 grams or more of cocaine, 21 U.S.C. Sect. 841 (a) (1) and (b) (1) (B).  The government alleges that a Confidential Informant (C.I. #1), after arranging during unrecorded and unmonitored telephone contacts with Mr. Isabel to meet a subject who would sell him cocaine, then traveled with Mr. Isabel to a location where the codefendants would sell a quantity of cocaine to the CI.  Subsequently the codefendants arrived in their own vehicle, and then entered into a police undercover vehicle operated by C.I. #2. At the direction of C.I. #2, codefendant Carpio then reached into his own vehicle and retrieved a red bag that contained a kilogram of cocaine. He handed the bag to codefendant Marte who in turn gave it to C.I. #2. According to the police, Mr. Isabel also entered the vehicle but did not directly participate in the transaction.  An undercover police team then approached the U.C. vehicle and the defendants left the scene. All three defendants were stopped, searched and arrested, and

identified by undercover police officers that had allegedly observed but did not videotape or otherwise record the transaction. There were no drugs, weapons, money or other contraband seized from Mr. Isabel. According to the government, Mr. Isabel did not make any statements to the police at the time of his arrest. (A small quantity of cocaine was seized from Mr. Marte.)

      2. Applying the totality of the circumstances test adopted by the Supreme Court in Illinois v. Gates, 462 U.S. 213 (1983), it is clear that the police lacked probable cause to detain and search Mr. Isabel, and to then allow other police witnesses to identify him. Prior to seizing the subject, the officers did not observe him in possession of narcotics nor were the officers in receipt of sufficient, reliable information to conclude that the subject possessed narcotics or had committed any other crime. (There is nothing in the police reports that attests to the reliability, or lack thereof of C.I. #1, nor were his alleged communications with Mr. Isabel either recorded or monitored.) In addition, the defendant's presence in the vicinity of a drug transaction was not sufficient to justify a stop of his person, and clearly did not rise to the level of probable cause to justify his detention. See Smith v. United States, 558 A. 2d 312, 315-16 (1989); Duhart v. United States, 589 A. 2d 895 (1991); Haywood v. United States, 584 A. 2d 552 (1990). Absent sufficient probable cause, the identification of Mr. Isabel while he was detained by police officers must be suppressed as a fruit of an illegal seizure. Wong Sun v. United States, 371 U.S. 471 (1963); Dunaway v. New York, 442 U.S. 200 (1979); See Gatlin v. United States, 326 F. 2d 666, 673 (D.C. Cir. 1963).

      3. Furthermore, the due process clause of the Fifth Amendment mandates that an identification that is shown to be unreliable shall not be introduced as evidence. Manson v. Brathwaite, 432 U.S. 98, 114 (1977); Watkins v. Sowders, 449 U.S. 341, 347 (1981). An identification may be so unreliable as to be lacking in any probative value, thereby offending the due process clause if allowed into evidence. See Sheffield v. United States, 397 A. 2d 963, 967 n. 4 (1979). An examination into the circumstances

surrounding the identification while the defendant was in police custody will prove it highly suggestive and unreliable and therefore lacking any probative value. See In Re F.G., 576 A. 2d 724 (1990); See also Federal Rule of Evidence 403, allowing exclusion of evidence if its probative value is substantially outweighed by the danger of unfair prejudice.

    4.  Neither should an in-court identification by any witness be allowed unless the Government can establish a reliable source of identification independent of any suggestive or unreliable out-of-court identification. United States v. Wade, 388 U.S. 218 (1967).

    5.  A hearing on this motion is requested.

**WHEREFORE**, for the reasons stated above, and such other reasons as may appear to the Court at a hearing on this motion, the defendant requests that the Court suppress his identification by police or civilian witnesses while he was in police custody at the scene, as well as any in-court identification by such witnesses.

    Respectfully submitted,

_____
Mitchell M. Seltzer
Bar #261933
Counsel for Cesar Isabel
717 D Street N.W. #310
Washington, D.C. 20004
(202) 347-2333

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Motion To Suppress Identification has been served electronically upon A.U.S.A. Rhonda Campbell and upon each codefendant's counsel of record, this ____31st____ day of March 2008.

_____

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | |
| : | **CRIM. No. 07-352-03 (JDB)** |
| : | |
| : | |
| **CESAR ISABEL,** : | |
| **Defendant** : | |

## ORDER

Upon consideration of the defendant's Motion to Suppress Identification, any opposition thereto and the entire record in this case, it is hereby this _____ day of _____, 2008,

**ORDERED**, that the defendant's motion is **GRANTED.**

_____
**JOHN D. BATES, JUDGE**
United States District Court
For the District of Columbia